# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GOLDMAN, | Case No. 17-cv-00691-BAS-NLS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** |
| v. | |
| U.S. TRANSPORT & LOGISTICS, LLC, | **[ECF No. 7]** |
| Defendant. | |

This matter comes before the Court on Defendant U.S. Transport & Logistics, LLC's Motion to Dismiss for *Forum Non Conveniens*. (Mot., ECF No. 7.) Plaintiff Joshua Goldman has opposed. (Opp'n, ECF No. 12.)

The Court finds Defendant's Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

//

//

– 1 –

17cv0691

# I. BACKGROUND[1]

Plaintiff is a resident of San Diego, California. (Compl. ¶ 1, Notice of Removal Ex. A, ECF No. 1-2.) During his employment with Ruan Transportation Management Systems as Vice President of Operations, Plaintiff alleges the owner of Defendant U.S. Transport & Logistics, a company headquartered in Colorado, contacted him regarding employment at Defendant. (*Id.* ¶¶ 5–6.) In an effort to secure his future employment, Plaintiff alleges a representative of Defendant communicated to him the following: (1) Defendant would compensate Plaintiff for any property loss after Plaintiff sold his San Diego home and moved to Colorado; (2) Plaintiff would be allowed to work from home at least one day a week; (3) Plaintiff's position with Defendant would be long-term and lead to a senior position, such as President; (4) Plaintiff would "assume the role" for three to five years prior to a change to a senior position; (5) Defendant was "profitable, growing rapidly and having a strong year financially;" (6) Defendant anticipated making more corporate acquisitions; and (7) in the event the acquisitions did not occur, Plaintiff would still have other work. (*Id.* ¶ 7.)

Plaintiff subsequently accepted a job with Defendant, resigned from his eight-year employment, sold one of his homes in San Diego, and purchased a home in Boulder, Colorado. (Compl. ¶ 8.) He began his employment with Defendant in May

---

[1] This background is taken from Plaintiff's Complaint and Defendant's Motion to Dismiss. The procedural rules for a motion to dismiss under Rule 12(b)(3) for improper venue apply to a motion to dismiss based on a forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 323–24 (9th Cir. 1996). In a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citation omitted).

2016. (*Id.* ¶ 9[2].) Plaintiff was then laid off on October 4, 2016, "due to revenue and business issues." (*Id.* ¶ 11.)

In October 2016, Plaintiff filed this action in the San Diego County Superior Court. After an unsuccessful first attempt at removal, Defendant successfully removed the case to this Court on April 5, 2017. (Notice of Removal, ECF No. 1.)

In his Complaint, Plaintiff claims Defendant did not allow him to work from home one day a week. (Compl. ¶ 9.) Further, Plaintiff alleges Defendant misrepresented its financial situation and was not having a strong financial period based on financial statements and other metrics. (*Id.* ¶ 10.) Moreover, since his termination, Plaintiff alleges he has not been paid the property loss from the sale of his home in San Diego. (*Id.* ¶ 12.) Based on the alleged misrepresentations, Plaintiff contends Defendant violated California Labor Code section 970, which prohibits the use of misrepresentations regarding certain conditions of employment to persuade someone to move outside of the state. (*Id.* ¶¶ 13–19.)

Defendant now moves to dismiss based on a forum selection clause. The company demonstrates that Plaintiff signed an Employment Agreement dated May 16, 2016, under which he agreed to work as Defendant's Vice-President of Business Development and Integration. (Nelligan Decl. ¶¶ 5–6, Ex. A ("Employment Agreement"), ECF No. 7-2.) The Agreement contains the following choice-of-law, jurisdiction, and forum selection clause:

//
//

---

[2] Plaintiff's Complaint alleges that he started working for Defendant in "May of 2015," but this allegation appears to contain a typographical error. (*See* Compl. ¶¶ 5–9.) Plaintiff alleges he was contacted in the "first quarter of 2016" to work for Defendant. (Compl. ¶ 5; *see also* Goldman Decl. ¶ 4 (stating Defendant's Chief Executive Officer reconnected with Plaintiff in September 2015 after Plaintiff declined an initial job offer in 2014).) Further, the parties' Employment Agreement is dated May 16, 2016. (Nelligan Decl. ¶¶ 5–6, Ex. A, ECF No. 7-2; *see also* Goldman Decl. ¶ 6, ECF No. 12-1 (describing pre-employment negotiations that occurred in April 2016).) The Court therefore assumes that Plaintiff started work in May 2016—not May 2015.

> Governing Law; Jurisdiction and Venue. This Agreement shall be construed in accordance with and governed by the laws of the State of Colorado. The District Court of the City and County of Denver, Colorado, shall have exclusive jurisdiction, including in personam jurisdiction, and shall be the exclusive venue for any and all controversies and claims arising out of or relating to this Agreement, except as otherwise unanimously agreed by the parties to the dispute.

(Employment Agreement § 5.c.) Defendant's Chief Executive Officer, who signed the Agreement on behalf of the company, states Plaintiff "received various concessions, including the payment of relocation expenses," partly in exchange for his agreement to the forum selection clause. (Nelligan Decl. ¶ 9.)

Defendant contends it has offered Plaintiff multiple stipulations to settle the dispute as to the proper forum for this case. (Franklin Decl. ¶¶ 7–8, 10, ECF No. 7-3.) Plaintiff purportedly did not respond to Defendant's proposals prior to it filing this Motion to Dismiss. (*Id.* ¶ 11.) Accordingly, Defendant now moves this Court to enforce the forum selection clause in the Employment Agreement "either through a dismissal without prejudice or a transfer to the U.S. District Court of the District of Colorado." (Mot. 2:27–3:2.)

## II. LEGAL STANDARD

Federal law governs the validity of a forum selection clause in diversity cases. *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1203 (C.D. Cal. 2015) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). A party may move to transfer under 28 U.S.C. § 1404(a) when the venue chosen by the plaintiff is proper but a valid forum selection clause exists. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013).

The doctrine of *forum non conveniens*, rather than Section 1404(a), applies when the forum selection clause points to a nonfederal forum. *Atl. Marine*, 134 S. Ct. at 580. "[C]ourts should evaluate a forum-selection clause pointing to a nonfederal

forum in the same way that they evaluate a forum-selection clause pointing to a federal forum" because "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens*." *Id.*

## III. ANALYSIS

### A. The Forum Selection Clause Is Enforceable.

To resolve Defendant's Motion, the Court will first analyze whether the Employment Agreement's forum selection clause is enforceable. To make this determination, the Court considers whether Plaintiff can avoid enforcement of the clause because either: (1) enforcing the clause would be unreasonable or unjust, or (2) the relevant public interest factors overwhelmingly disfavor enforcement of the clause.

#### 1. Enforcing the Clause Would Not Be Unreasonable or Unjust.

In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), the Supreme Court determined that "in the light of present-day commercial realities and expanding international trade," a forum selection clause "should control absent a strong showing that it should be set aside." Thus, "forum selection clauses are presumptively valid." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003); *see also Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867–68 (9th Cir. 1991) (noting the framework from *Bremen* also applies to an employment contract, even if it is not a "complex commercial contract where each clause has been individually negotiated").

Given this presumption, a court should set aside a forum selection clause only where there is a "strong showing 'that enforcement [of the forum selection clause] would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Spradlin*, 926 F.2d at 869 (alteration in original) (quoting

*Manetti-Farrow*, 858 F.2d at 513). Consequently, a forum selection clause may be set aside:

> (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; [or] (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*LaCross*, 95 F. Supp. 3d at 1203 (citing *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007)). The Court will analyze whether Plaintiff establishes that any of these possibilities applies in this case.

### i. Plaintiff Does Not Demonstrate the Clause Is the Product of Overreaching or Fraud.

For a court to deny enforcement of a forum selection clause based on fraud, a party must show that "the *inclusion of that clause in the contract* was the product of fraud or coercion." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) (emphasis in original) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 518 (1974)). To illustrate, in *Petersen v. Boeing Co.*, 715 F.3d 276, 282–83 (9th Cir. 2013), the plaintiff submitted a sworn affidavit stating that "the initial employment contract he signed in the United States made no mention of a Saudi forum selection clause, but that he was required to sign a new employment contract containing such a clause upon his arrival in Saudi Arabia." Further, the plaintiff's "new supervisor . . . did not permit him time to read the agreement and told him that failure to sign it would result in hi[m] being forced to return immediately to the United States at his own expense." *Id.* at 283. In light of this showing, the Ninth Circuit held the district court abused its discretion in enforcing the forum selection clause "without at the very least holding an evidentiary hearing as to whether [the plaintiff] was induced to assent to the forum selection clause through fraud or overreaching." *Id.*

In opposing Defendant's Motion, Plaintiff argues that Defendant obtained his signature to the Employment Agreement "by fraud and overreaching." (Opp'n 5:15–17.) Defendant replies that Plaintiff cannot avoid the forum selection clause on this basis because he does not show that the inclusion of the clause itself in the Employment Agreement was the product of fraud. (Reply 5:1–6:8, ECF No. 13.)

The Court agrees with Defendant. Plaintiff does not meet his "heavy burden of proof" to avoid enforcement of the Employment Agreement's forum selection clause on this basis. *See Richards*, 135 F.3d at 1294. Plaintiff submits a declaration stating that Defendant represented the length of his employment and the compensation he would receive in the event that he lost money on the sale of his San Diego home. (Goldman Decl. ¶¶ 5–6, ECF No. 12-1.) Plaintiff further states that he moved to Colorado based on Defendant's representations and incurred "a housing loss and this housing loss was supposed to be paid upon relocation to Colorado." (*Id.* ¶ 7.) Then, in his Opposition, Plaintiff generally argues that "it is alleged that [his] consent in signing the Employment Agreement was obtained by fraud and overreaching conduct." (Opp'n 5:15–17.)

Plaintiff does not, however, introduce facts demonstrating the inclusion of the forum selection clause itself in the Employment Agreement "was the product of fraud or coercion." *See Richards*, 135 F.3d at 1297. His declaration does not mention the Employment Agreement or the forum selection clause. (*See* Goldman Decl. ¶¶ 1–8.) It therefore does not dispute that Plaintiff "received various concessions, including the payment of relocation expenses, in part, because he agreed to other terms and conditions in the Employment Agreement, including the forum selection clause." (Nelligan Decl. ¶ 9.) The Court is thus not confronted with circumstances like those presented in *Petersen*. *See* 715 F.3d at 282–83.

Accordingly, there are not "specific facts, contained in an admissible affidavit," that are "sufficient, if true, to demonstrate that the forum selection clause's inclusion in the employment agreement was obtained via fraud or overreaching." *See*

– 7 –

*Peterson*, 715 F.3d at 283. And, although Plaintiff lodges an allegation of fraud in his Opposition, other courts have rejected similar challenges made to an agreement as a whole, as opposed to specifically a forum selection clause contained in the agreement. *See, e.g.*, *Washington v. Cashforiphones.com*, No. 15-cv-0627-JAH (JMA), 2016 WL 6804429, at *5 (S.D. Cal. June 1, 2016) ("[A] plaintiff must show that the forum selection clause itself, as opposed to the entire contract in which the clause is set forth, is the product of fraud or overreaching."); *Democracy Council of Cal. v. WRN Ltd., PLC*, No. cv 10–5088, 2010 WL 3834035, at *5 (C.D. Cal. Sept. 27, 2010) (reasoning that the plaintiff's "general fraud allegation is not sufficient to nullify the forum selection clause and there is no evidence that the forum selection clause itself was inserted into the Agreement as a result of fraud, undue influence or overweening bargaining power"). The Court rejects Plaintiff's allegation of fraud as to the Employment Agreement's forum selection clause for the same reasons. *See Washington*, 2016 WL 6804429, at *5; *Democracy Council of Cal.*, 2010 WL 3834035, at *5; *see also Spradlin*, 926 F.2d at 869 ("Argument by counsel serves only to elucidate the legal principles and their application to the facts at hand; it cannot create the factual predicate.").

In sum, because Plaintiff does not show the forum selection clause was the product of fraud or coercion, he cannot avoid enforcement of the clause on this basis.

### ii. Plaintiff Will Not Be Deprived of His Day in Court.

The Court turns to the second possibility for avoiding the forum selection clause—that Plaintiff "would effectively be deprived of his day in court were the clause enforced." *See LaCross*, 95 F. Supp. 3d at 1203. "[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. In *Bremen*, the Court remanded the case for the party attempting to avoid the forum selection clause to show that the

selected forum was "so manifestly and gravely inconvenient to [the party] that it [would] be effectively deprived of a meaningful day in court." *Id.* at 19. An example of this standard being met is *Murphy v. Schneider National, Inc.*, where the Ninth Circuit held the plaintiff would be deprived of his day in court if the clause was enforced because of the plaintiff's financial limitations and physical disability. 362 F.3d at 1142–43.

In contrast, in *Spradlin v. Lear Siegler Management Services Co.*, the Ninth Circuit concluded a forum selection clause was enforceable because the plaintiff failed to allege any facts showing he would be deprived of his day in court in the clause's chosen forum of Saudi Arabia. 926 F.2d at 869. The court gave examples of allegations that the plaintiff could have made to show that he would be denied his day in court, such as: "the relevant witnesses may all be located in the United States; [the defendant] may have no remaining operations in Saudi Arabia . . . or [the plaintiff] may be unable to return to Saudi Arabia for some reason." *Id.* These examples were "all speculation, however," because the plaintiff "failed even to offer any specific allegations as to travel costs, availability of counsel in Saudi Arabia, location of witnesses, or his financial ability to bear such costs and inconvenience." *Id.*

This second possibility for avoiding enforcement of the forum selection clause is inapplicable. Plaintiff does not provide sufficient allegations to prove that enforcement of the forum selection clause will effectively deprive him of his day in court. For example, Plaintiff does not allege that he or witnesses will be unable to appear in Colorado due to financial, physical, or other circumstances. *See Murphy*, 362 F.3d at 1142–43; *Spradlin*, 926 F.2d at 869. Plaintiff argues he would be deprived of his rights under California Labor Code section 970 if forced to litigate in Colorado, (Opp'n 5:19–20, 6:11–12), but this argument is better addressed by whether enforcing the forum selection clause "would contravene a strong public

policy of the forum in which suit is brought," which the Court considers below. *See LaCross*, 95 F. Supp. 3d at 1203.

Thus, Plaintiff does not demonstrate setting aside the Employment Agreement's forum selection clause on this second basis is appropriate.

### iii. Enforcing the Clause Will Not Contravene a Strong Public Policy.

The final possibility the Court will consider is whether the "forum selection clause is unenforceable [because] . . . 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *Bremen*, 407 U.S. at 15). To illustrate, in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 496–498 (9th Cir. 2000), the district court had declined to enforce a forum selection clause in the parties' related option and franchise agreements. It reasoned the clause was unenforceable because it would contravene "California's strong public policy against enforcing such clauses in franchise agreements." *Id.* at 497. The state expressed this policy in a statute providing that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5. The Ninth Circuit affirmed, concluding the district court had correctly determined the California statute embodied a strong public policy interest precluding enforcement of the forum selection clause. *Id.* at 498; *but see also Bradley v. Harris Research, Inc.*, 275 F.3d 884, 892 (9th Cir. 2001) (concluding the same venue statute could not be relied upon to evade an agreement to arbitrate in a particular forum because it was preempted by the Federal Arbitration Act).

On the other hand, the Ninth Circuit held a forum selection clause was still enforceable even though enforcing the clause would deprive a party of "its right to

proceed in rem against" a vessel. *Fireman's Fund Ins. Co. v. M.V. DSR Atl.*, 131 F.3d 1336, 1338 (9th Cir. 1997). Thus, a party cannot avoid a forum selection clause on public policy grounds simply because the chosen forum does not provide the identical remedies as the initial forum. *See id.*; *see also, e.g.*, *Richards*, 135 F.3d at 1296 (rejecting an argument that the parties' agreement to litigate their claims in England should not apply because it would deprive the plaintiffs of certain remedies).

Plaintiff argues enforcement of the forum selection clause would contravene California's strong public policy embodied in California Labor Code section 970. (Opp'n 6:13–14.) That is, Plaintiff claims requiring him to litigate in Colorado would deprive him of his right to be protected from the alleged misrepresentations that "induc[ed] him to uproot himself and his family and move to a new location." (*See id.* 5:18–20.)

The Court is unconvinced. As argued by Defendant, even if enforcing the forum selection clause results in an application of Colorado law, this result will not deprive Plaintiff of protection from the alleged misconduct. He will retain a remedy because Colorado has a comparable statute to California Labor Code section 970—Colorado Revised Statute section 8-2-104. Both of these statutes protect employees in Plaintiff's alleged circumstances against misrepresentations by an employer about the type of work to be done, compensation amounts, conditions of employment, and other matters. *Compare* Cal. Labor Code § 970, *with* Colo. Rev. Stat. § 8-2-104. Further, although Colorado does not provide for double damages if a party violates the statute like California does, Colorado expressly provides for an award of attorneys' fees—whereas California does not. *Compare* Cal. Labor Code § 970, *with* Colo. Rev. Stat. § 8-2-104. Regardless, as mentioned above, a difference in remedy alone is not enough to avoid a forum selection clause on this ground. *See, e.g.*, *Richards*, 135 F.3d at 1296. Accordingly, even if enforcing the forum selection clause leads to an application of Colorado law, the enforcement will not contravene

a strong public policy of California because Colorado law also allows Plaintiff to vindicate the rights at issue.

Moreover, recent decisions suggest that Plaintiff's argument concerning choice of law is premature. "[C]ourts in the Ninth Circuit 'have generally agreed that the choice-of-law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy.'" *LaCross*, 95 F. Supp. 3d at 1205 (quoting *Rowen v. Soundview Commc'ns, Inc.*, No. 14–cv–05530–WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015)). "Instead, absent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." *Rowen*, 2015 WL 899294, at *4. As indicated, there will not be a "total foreclosure of remedy" if Plaintiff is forced to litigate in Colorado. Further, Plaintiff does not show the forum selection clause contravenes a California public policy specifically related to venue. And, in any event, Plaintiff can raise the issue of choice of law at the appropriate time. *See Rowen*, 2015 WL 899294, at *6 (explaining that the plaintiff's choice-of-law arguments could not be entertained at the motion to transfer stage under 28 U.S.C. § 1404(a) but that the plaintiff could raise choice-of-law issues with the transferee court).

In sum, Plaintiff does not establish that the forum selection clause is unenforceable due to fraud, deprivation of Plaintiff's day in court, or public policy.[3] Thus, the Court finds the clause may be enforced because it is not unreasonable or unjust. *See Bremen*, 407 U.S. at 15.

---

[3] Plaintiff also argues the clause should not be enforced because venue is proper in California. (Opp'n 4:11–24.) However, the doctrine of *forum non conveniens* and Section 1404(a) do "not condition transfer on the initial forum's [venue] being 'wrong'." *See Atl. Marine*, 134 S. Ct. at 579–80 (explaining that "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens*"). Thus, to enforce the parties' forum selection clause, Defendant need not demonstrate that venue is improper in California. *See id.*

## 2. The Public Interest Factors Do Not Overwhelmingly Disfavor Enforcement of the Clause.

Having found that the parties agreed to a valid forum selection clause, the Court now analyzes whether the public interest factors overwhelmingly disfavor enforcing the clause. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 134 S. Ct. at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (second alteration in original). Thus, when a case involves a forum selection clause, courts do not consider a plaintiff's choice of forum, private interests, or choice of law. *Id.* However, "a district court may consider arguments about public-interest factors." *Id.* at 582. Public interest factors include:

> the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citations omitted). "[T]he party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 134 S. Ct. at 581. Further, the party must show that the "public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

Plaintiff argues that the public interest factors favor California as the forum because California is both "better suited to adjudicate Plaintiff's single cause of

action" and "has a strong interest in providing a forum for its residents and citizens who are tortiously injured." (Opp'n 5:22–26.) Defendant responds that Plaintiff fails to meet his burden under *Atlantic Marine*. (Reply 6:12–7:19.)

The Court is unpersuaded by Plaintiff's position. Even if the Court accepts his argument that California has an interest in providing a forum for him, he does not meet his burden of showing the "public-interest factors overwhelmingly disfavor" enforcing the forum selection clause. *See Atl. Marine*, 134 S. Ct. at 583. For instance, Plaintiff does not demonstrate that "administrative difficulties flowing from court congestion" weigh against enforcement. *See Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998). Moreover, requiring this action to be litigated in Colorado will not burden Colorado residents with jury duty for litigation unrelated to their community. *See id.* Because this case involves a Colorado company that purportedly used misrepresentations to lure Plaintiff to work in the state, Colorado jurors also have an interest in deciding this case. *See Hosick v. Catalyst IT Servs., Inc.*, 143 F. Supp. 3d 1072, 1081 (D. Or. 2015) (reasoning Maryland jurors have an interest in deciding an action where the defendant maintained a Maryland office and had its principal place of business in the state). Finally, even if a Colorado court has to apply California law to Plaintiff's claim—which is yet to be determined—Plaintiff does not explain why a Colorado court could not competently adjudicate his California Labor Code claim. Rather, given that Colorado has a nearly identical statute protecting prospective employees, one would expect a Colorado court to have little difficulty in applying California's counterpart to this case.

In sum, Plaintiff fails to meet his burden of demonstrating the public interest factors overwhelmingly disfavor dismissal or transfer. The forum selection clause is enforceable.

### C. The Forum Selection Clause Captures Plaintiff's Action.

Having determined the forum selection clause is enforceable, the Court confirms that Plaintiff's action falls within the scope of the clause. A forum selection clause may encompass not only contract claims, but also tort and statutory causes of action. *See, e.g.*, *Manetti-Farrow*, 858 F.2d at 514; *LaCross*, 95 F. Supp. 3d at 1207. Whether a plaintiff's claims trigger a forum selection clause "depends [upon] the language used in the clause." *LaCross*, 95 F. Supp. 3d at 1207 (alteration in original).

"In analogous contexts, the Ninth Circuit has found that provisions using the phrases 'arising under,' 'arising out of,' and 'arising hereunder' (collectively referred to as 'arising under' language) should be narrowly construed to cover only those disputes 'relating to the interpretation and performance of the contract itself.'" *LaCross*, 95 F. Supp. 3d at 1207 (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)). "In contrast, provisions that include or add phrases such as 'relating to' and 'in connection with' (collectively referred to as 'relating to' language) have a broader reach." *Id.* (citing cases).

To illustrate, in *LaCross*, several plaintiffs argued their claims under the California Labor Code did not fall under the scope of a forum selection clause. 95 F. Supp. 3d at 1208. This clause was contained in an "Independent Contractor Operating Agreement" that the plaintiffs entered into with the defendants, and the clause covered "any legal proceedings between the parties . . . *relating to* the relationship created by [the] Agreement." *Id.* (emphasis in original). The court rejected the plaintiffs' argument, reasoning that this clause "clearly encompasses" the plaintiffs' labor code claims because they concern the relationship the plaintiffs created by signing the agreement with the defendants. *See id.*

In this case, the Court finds the Employment Agreement's forum selection clause encompasses Plaintiff's claim against Defendant. Initially, the Court notes that the forum selection clause is expansive. It captures "any and all controversies and claims arising out of or relating to this Agreement." (Employment Agreement § 5.c.)

Further, at the minimum, Plaintiff's action "relates" to the Employment Agreement. Plaintiff argues the Agreement is "irrelevant" because he is pursuing a fraudulent inducement of employment claim, (Opp'n 2:23–26), but the Court is not persuaded. The gravamen of Plaintiff's allegations is that he was harmed when he "uprooted [his] family and moved to Colorado and retained a condo in San Diego County." (Goldman Decl. ¶ 7.) He states Defendant "promised to pay for a portion of any housing loss [he] might incur on the sale of [his] San Diego residence," and Plaintiff "did, in fact, incur a housing loss and this housing loss payment was supposed to be paid upon relocation to Colorado." (*Id.* ¶ 6; *see also* Compl. ¶¶ 8, 12, 17–18.)

Whether Plaintiff was harmed when Defendant reneged on its promise—or, to use the language employed in Plaintiff's Complaint—when Defendant misrepresented that it would compensate Plaintiff for moving to Colorado, relates to the Employment Agreement. In the Agreement, Defendant agrees to pay Plaintiff "[u]p to $10,000 in reimbursable relocation expenses." (Employment Agreement Ex. A.) The company also promises to pay "[u]p to $1,700/month reimbursement for [the] first 90 days of [Plaintiff's] employment for temporary housing." (*Id.*) The Agreement further provides the following in connection with Plaintiff's sale of his residence:

> Company to reimburse [Plaintiff] for house loss up to $29,000 if price of current home sells for $760,000 or less with $44,000 dollars in commissions and fees upon completion of full time relocation in Denver. If house sells for more or the commissions are lower than $44,000, the reimbursement will be lower dollar for dollar. If Plaintiff leaves the Company for whatever reason within the first year of employment, the House Loss payment shall be paid back to Company within 90 days of departure.

(*Id.*) Finally, the Court notes that the Employment Agreement provides that it "supersedes all previous oral or written agreements respecting the subject matter hereof; therefore, the Company is discharged from all obligations under said

– 16 –

agreements." (*Id.* § 5(e).) These provisions, which Plaintiff's declaration does not dispute that he agreed to, will certainly be relevant to his claim that he detrimentally relied on statements made by Defendant's representative in accepting a job with the company, uprooting his family, and moving to Colorado. *See Manetti-Farrow*, 858 F.2d at 514 (enforcing a forum selection clause where each of the plaintiff's tort claims related "in some way to rights and duties enumerated in the . . . contract"). Simply put, an examination of the substance of Plaintiff's allegations and the Employment Agreement's provisions reveals this controversy relates to the Agreement.

Accordingly, the Court is unpersuaded by Plaintiff's argument that the Employment Agreement is "irrelevant" to his action against Defendant. Given the expansiveness of the forum selection clause, and that Plaintiff's action relates to the subject matter of the Employment Agreement, the Court concludes Plaintiff cannot escape the clause by garbing his claim against Defendant in the form of a statutory tort cause of action. *See Manetti-Farrow*, 858 F.2d at 514; *LaCross*, 95 F. Supp. 3d at 1207. Thus, the forum selection clause encompasses Plaintiff's action, and the Court will enforce it.

### D. Dismissal Without Prejudice Is the Appropriate Remedy.

Finally, having determined the Employment Agreement's forum selection clause is enforceable and encompasses Plaintiff's action, the Court considers whether this case should be either transferred or dismissed without prejudice. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 134 S. Ct. at 580. This doctrine results in dismissal. *Id.* Alternatively, when the forum selection clause identifies a forum that "is within the federal court system," Section § 1404(a) applies. *Id.* In such instances, "Congress has replaced the traditional remedy of

outright dismissal with transfer." *Id.* (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

Dismissal under *forum non conveniens* is the appropriate remedy here because the forum selection clause identifies a forum outside of the federal court system.[4] Plaintiff and Defendant designated the "District Court of the City and County of Denver, Colorado" as the exclusive forum for any controversies relating to their contract. This clause does not designate a federal forum. It does not include "United States" or "U.S." to identify a federal court. Further, there is only one federal district court in Colorado—the U.S. District Court for the District of Colorado. *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district."). Consequently, there is no federal district court "of the City and County in Denver." *See id.*

There is, however, a state court designated by the plain language of this clause. Colorado's primary state trial courts are titled "district courts." Colo. Rev. Stat. § 13-5-101. One of these district courts is "composed of the city and county of Denver." *Id.* § 13-5-103. Therefore, the Court concludes the parties' clause unambiguously designates the state district court located in the City and County of Denver, Colorado, as the chosen forum. *See id.*

Accordingly, because the forum selection clause points to a nonfederal forum, this case will be dismissed without prejudice pursuant to the doctrine of *forum non conveniens*. *See Atl. Marine*, 134 S. Ct. at 580.

---

[4] The Court also notes the forum selection clause is mandatory. "Ninth Circuit precedent requires that the court pay careful attention to whether the language in a forum selection clause is mandatory or permissive. If the language is mandatory, the clause must be enforced and venue will lie in the designated forum only." *Calisher & Assocs., Inc. v. RGCMC, LLC*, 2008 WL 4949041, at *3 (C.D. Cal. Nov. 17, 2008), *aff'd sub nom. Calisher & Assocs., Inc. v. RGCM, LLC*, 373 Fed. App'x 697 (9th Cir. 2010). The clause implicated here is mandatory because it provides the designated forum will be "the exclusive venue" for disputes. (*See* Employment Agreement § 5.c.) *See also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for *Forum Non Conveniens* (ECF No. 7). The Court **DISMISSES** Plaintiff's action without prejudice.

**IT IS SO ORDERED.**

DATED: December 20, 2017

Hon. Cynthia Bashant
United States District Judge